# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXIS FLORES and VIRGINIA GOOLD, *for themselves and all others similarly situated*, <br>     Plaintiffs, <br><br> v. <br><br> EAGLE DINER CORP., *et al.*, <br>     Defendants. | CIVIL ACTION <br> No. 2:18-cv-01206-AB |

## ORDER

**AND NOW**, this __21st__ day of August, 2019, it is **ORDERED** that Plaintiff's Unopposed Motion for Preliminary Class and Collective Action Settlement Approval (ECF No. 29) is **GRANTED** as follows:

1. The proposed settlement class is preliminarily certified for settlement purposes only;

2. The proposed settlement agreement is preliminarily approved in relation to Plaintiffs' class action and collective action claims;

3. Alexis Flores and Virginia Goold will serve as Settlement Class Representatives;

4. Attorneys from Stephan Zouras LLP will serve as Class Counsel;

5. The Court will approve notice to the Class Members after implementation of the suggested revisions in Appendix A. The Parties must submit to the Court a written acceptance of or objection to the suggested revisions **or before September 6, 2019**;

6. The Parties must follow the schedule in Appendix B.

                                                                                              s/Anita B. Brody

                                                                                              ANITA B. BRODY, J.

Copies **VIA ECF 8/21/2019**

# APPENDIX A

# NOTICE OF SETTLEMENT OF CLASS AND COLLECTIVE ACTION AND SETTLEMENT HEARING

**If you have worked as a Server at Eagle Diner,
a class and collective action settlement may affect your rights.**

## PLEASE READ THIS ENTIRE NOTICE CAREFULLY.

The U.S. District Court for the Eastern District of Pennsylvania has authorized this Notice.
This is not a solicitation from a lawyer.

This Notice has been sent to inform you of a proposed settlement of a class and collective action lawsuit and a court hearing you may choose to attend. You may be entitled to receive a payment under the Settlement Agreement. Your rights will be affected by the legal proceedings in this Action. The Court will conduct a final approval hearing on [HEARING DATE] to address whether the proposed settlement should be approved.

Alexis Flores and Virginia Goold ("Plaintiffs") filed a lawsuit in March 2018 (the "Action") against Eagle Diner, James Rokos, Maria Rokos, Marko Rokos and Zisi Rokos ("Defendants") (the "Action"). The Action alleges claims under federal law and Pennsylvania law for unpaid minimum and overtime wages. The Court has allowed the Action to proceed for settlement purposes only on behalf of a Class including all people who, between March 22, 2015 and December 12, 2018, worked as a Server at Eagle Diner. Defendants have reviewed and investigated this matter and deny any wrongdoing but have decided to resolve the Action to avoid the expense of litigation and the ongoing disruption to their business operations. Plaintiffs and Defendants have entered into a Settlement Agreement to resolve the claims in the Action.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | You do not have to do anything in order to receive a settlement payment. If you do not make a valid and timely request to exclude yourself from the Settlement, you will remain a party to the case. You will be deemed to have released your wage and hour claims under the Fair Labor Standards Act and Pennsylvania state law. |
| **EXCLUDE YOURSELF** | You may request to exclude yourself from the Settlement. You may do so by ~~If you make a valid and timely request to exclude yourself from the Settlement by~~ sending a written, signed Opt-out Statement to the Claims Administrator by [DEADLINE].~~,~~ If you exclude yourself, you will not receive a settlement payment. ~~but y~~You will retain all of your rights to claims against the Defendants. ~~the released claims subject to operation of the applicable statute of limitations.~~ |
| **OBJECT** | To object to the terms of the Settlement, you must submit a timely, valid Claim Form and a written objection to the settlement. If you do so, you may be allowed to appear in Court and present your objection in Court at the final fairness hearing. ~~To receive a settlement payment, you must return a valid Claim Form.~~ |

These rights and options – and all deadlines to exercise them – are explained in this notice.

1

### 1. Why did I receive this Notice?

Defendants' Records indicate that you worked as a Server at Eagle Diner between March 22, 2015 and December 12, 2018. The Court ordered that you be sent this Notice to inform you of the existence of the Action, explain your legal rights and options and help you decide what to do. This notice explains the Action, the settlement, your legal rights, and what benefits are available.

### 2. What is this lawsuit about?

This Action alleges that Defendants: (1) required Servers to contribute to an illegal tip pool that was used to subsidize wage payments to Bussers rather than going to Bussers as tips on top of their wages; (2) failed to pay Servers all overtime wages owed for hours worked over forty per week. Defendants deny they did anything wrong.

### 3. Why is there a settlement?

The Court has not ruled in favor of either Plaintiffs or Defendants. Both Plaintiffs and Defendants have agreed to a settlement to avoid the cost of a trial, the risk of losing, and the delay of litigating the case and of potential appeals. The settlement also ensures that people affected will receive compensation. The Plaintiffs and their attorneys recommend the settlement for all Class Members.

### 4. What does the settlement provide?

To avoid the burden, expense, inconvenience, and uncertainty of continuing the Action, Defendants have agreed to pay a total of $162,500.00. The Parties propose to distribute these funds as follows: at least $88,875.00 to pay damages to Servers who do not submit a timely, valid request for exclusion, $10,000.00 to pay Service Payments to the two Named Plaintiffs, up to $53,625.00 to pay Class Counsel's attorneys' fees and up to $10,000.00 to reimburse Class Counsel's out-of-pocket litigation costs and pay settlement administration costs. Please reference the attached copy of the Settlement Agreement for more details.

### 5. How will my payment be calculated?

Each Class member who does not opt-out (that is, submit a valid, timely opt-out form) will receive a *pro rata* share of the at least $88,857.00 damages payment based on the amount of money they earned working at Eagle Diner during the period from March 22, 2015 to December 12, 2018. Half of these damages payments will be treated as liquidated damages or penalties (no withholding) and half will be treated as unpaid wages (typical withholding). Defendants will pay the employer-side taxes due on all wage payments made from the settlement.

### 6. How can I collect my settlement payment?

To receive a payment from the settlement, you do not have to do anything. You will be sent a settlement check if and when the Court approves the settlement and after all appeals have been exhausted. If you choose to exclude yourself, then you will not receive a payment.

### 7. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself from the settlement, you will remain in the Class. You will release all of the Released Claims (as defined in the Settlement Agreement) under the wage and hour laws of Pennsylvania and all Fair Labor Standards Act claims. This means you will not be able to bring a new lawsuit or be part of any other lawsuit against Defendants about the legal issues

in this case. It also means that all of the Court's rulings will apply to you and legally bind you. The Settlement Agreement includes the following release:

**5.1 Release of Claims.**
    (A)    Effective as of the Effective Date, the Releasing Persons will be deemed to forever and fully release and discharge Defendants, and release and hold harmless the Released Persons, from any and all Pennsylvania wage-related claims of any kind, including but not limited to any claims pursuant to the Pennsylvania Minimum Wage Act and the Pennsylvania Wage Payment Collection Law that any of the Releasing Persons has, had, might have or might have had against any of the Released Persons based on any act or omission that during the Class Period, in any way related to any of the facts or claims that were alleged or that could have been alleged in the Litigation or by reason of the negotiations leading to this Settlement, even if presently unknown or un-asserted (the "Released Claims").

    (B)    The Releasing Persons further covenant and agree that, since they are settling disputed claims, they will not accept, recover or receive any back pay, liquidated damages, other damages, penalties, or any other form of relief based on any of the Released Claims asserted or settled in the Litigation which may arise out of, or in connection with any other individual, representative, class or any administrative remedies pursued by any individual(s) or any federal, state or local governmental agency against any of the Released Persons. Releasing Persons further acknowledge and agree that they are precluded from pursuing any Released Claim Releasing Persons has, had, might have or might have had against any of the Released Persons based on any act or omission that occurred during the Class Period.

    (C)    As of the Effective Date, all Participating Settlement Class Members will be deemed to forever and fully release and discharge Defendants, and release and hold harmless the Released Persons, from any and all federal wage-related claims of any kind, including but not limited to any claims pursuant to the Fair Labor Standards Act that any Participating Settlement Class Member has, had, might have or might have had against any of the Released Persons based on any act or omission that during the Class Period that in any way related to any of the facts or claims that were alleged or that could have been alleged in the Litigation or by reason of the negotiations leading to this Settlement, even if presently unknown or un-asserted (the "Released Claims").

### 8. When will my payment arrive?

The Court will hold a hearing on [HEARING DATE] to decide whether to grant final approval to the settlement. If the Court approves the settlement, there may be an appeal challenging the Court's decision. It is impossible to predict if an appeal will be taken and, if there is an appeal resolving it can take more than a year. Please be patient. You can contact the Settlement Claims Administrator at any time for an update on the status of the case or the settlement.

### 9. How do I object to the settlement?

If you disapprove of any part of the settlement, you have the right to make an objection. To submit an objection, you must send a letter to the Settlement Claims Administrator (address) postmarked by [CLAIM DEADLINE]. You must include your name, address, telephone number, and the words: "I object to the settlement in the Eagle Diner Server Action." You must identify the location where you worked as a Server. You must sign the letter. You must identify the specific part (or parts) of the settlement you find objectionable and explain in detail all of the reasons for your objection so the Parties, their counsel, and the Court can fully understand, consider, and

address your objection.

If you submit an objection to the Settlement, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include the words "I request permission to appear and speak at the fairness hearing" in your written objection. The Court will ultimately decide whether to allow you to speak at the Fairness Hearing.

If you object to the settlement, you may withdraw your objection at any time before the Fairness Hearing by sending a written request to the Settlement Claims Administrator.

### 10. How do I exclude myself from the settlement?

To exclude yourself from the settlement, you must send a letter to the Settlement Claims Administrator (address) postmarked by [CLAIM DEADLINE]. You must include your name, address, social security number, telephone number, and, if you have one, email address, and the words: "I want to opt out of the Eagle Diner Server Settlement." You must identify the location where you worked as a Server. You must sign and date the letter.

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You will retain your rights, ~~depending on application of the statute of limitations,~~ to sue Defendants about the legal issues in this case. If you wish to exclude yourself to file a new lawsuit against Defendants, you should speak to a lawyer promptly because your claims are subject to a statute of limitations, which means that they will expire on a certain date.

If you exclude yourself from the settlement, you may withdraw your request at any time before the final approval hearing by sending a written request to the Settlement Claims Administrator.

### 11. What's the difference between objecting to the settlement and excluding myself from the settlement?

Objecting to the terms of this Settlement is simply telling the Court that you disapprove of something about the settlement. To present an objection, you must remain in the Class. To receive a Settlement Payment, you must submit a timely and valid Claim Form. Excluding yourself from the Settlement is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### 12. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself from the settlement, you will not receive any money from this settlement. However, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims, subject to any defenses they may have and the applicable statute of limitations.

### 13. If I exclude myself, can I sue Defendants for the same thing later?

If you make a valid and timely request to exclude yourself from the Settlement by sending a written, signed Opt-out Statement to the Claims Administrator by [DEADLINE], you will not receive a settlement payment but you will retain all of the released claims subject to operation of the applicable statute of limitations.

### 14. Do I have a lawyer in this case?

The Court has appointed the law firm of Stephan Zouras, LLP to serve as Class Counsel

4

and represent you. You do not owe any separate payment to Class Counsel for their services relating to this Action. You do not need to retain your own attorney to participate in the settlement. If you opt out of the Class and want to be represented by your own lawyer in connection with the settlement, you may hire a lawyer at your own expense.

### 15. How will Class Counsel be paid?

Class Counsel accepted this case on a contingent basis, meaning they would have received nothing if they had lost the case. Class Counsel have worked on this lawsuit since December 2017 without receiving any fees or any reimbursement for their out-of-pocket costs. As part of the settlement, Class Counsel will ask the Court to approve an attorney's fee of no more than $53,625.00, which represents 1/3 of the total value of the settlement plus a separate cost reimbursement.

### 16. When and where will the Court decide whether to approve the settlement?

The Court will hold a final fairness hearing at [TIME] on [HEARING DATE] in Courtroom 7B of the James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA, 19106. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may listen to people who have asked to speak at the hearing. The Court will also consider Class Counsel's request for service awards to the Named Plaintiffs, the payment of attorneys' fees and costs, and the payment to the Claims Administrator. After the hearing, the Court will decide whether to approve the settlement and the requested damages, service award, fees, and cost payments. It is impossible to predict how long these decisions will take.

### 17. Do I have to attend the final approval hearing?

No. The Parties and their attorneys are responsible for presenting the settlement to the Court at the final approval hearing. You may attend the hearing at your own expense. If you submit a timely, valid objection, the Court will consider it. You do not have to appear at the hearing to support your objection or pay your own lawyer to attend the hearing, but you may do these things.

### 18. Where can I get more information about the settlement?

If you have more questions about the settlement, you can request a copy of the full settlement agreement from the Claims Administrator:

*Flores, et al. v. Eagle Diner Corp., et al.* Settlement
[claims admin info]

You may also contact Class Counsel:

Stephan Zouras, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312.233.1550 | 312.233.1560 *f*
lawyers@stephanzouas.com

# APPENDIX B

# Appendix B

| | Event | Must be completed on or before |
|---|---|---|
| 1 | Motion for Preliminary Approval granted | August 21, 2019 |
| 2 | Defendants will provide the Claims Administrator with a list in electronic form containing Class Members' information[1] | August 30, 2019 |
| 3 | Claims administrator will mail the Notice Packet via First Class Mail to each Class Member[2] | September 13, 2019 |
| 4 | Postmark deadline for objections, opt-outs, and notices of intent to appear at the final fairness hearing | October 18, 2019 |
| 5 | Deadline for filing all briefs and materials in support of final approval and Class Counsel's application for attorney's fees, costs, and expenses, and payments to the named Plaintiffs | November 22, 2019 |
| 6 | Deadline for responding to any objections | November 22, 2019 |
| 7 | Claims administrator will report on number of opt-outs and objections; Class Counsel will submit findings for the Court[3] | January 7, 2020 |
| 8 | Final Fairness Hearing | January 21, 2020 at 10:00 a.m. |

---

[1] *See* Settlement Agreement (ECF No. 29, Ex. A) ¶ 4.6.
[2] *See* Settlement Agreement (ECF No. 29, Ex. A) ¶ 4.8.
[3] *See* Settlement Agreement (ECF No. 29, Ex. A) ¶ 4.8.