

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXIS FLORES and VIRGINIA GOOLD, for themselves and all others similarly situated, Plaintiffs, v. EAGLE DINER CORP., JAMES ROKOS, MARIA ROKOS, MARKO ROKOS and ZISI ROKOS, Defendants. | Case No. 18-cv-01206-AB  FILED  MAR 5 2020  Anita B. Brody, Judge By_____ Dep. Clerk |

## FINAL SETTLEMENT APPROVAL ORDER

AND NOW, this 5th, day of March 2020, upon consideration of Plaintiffs' Unopposed Motion for Final Settlement Approval, the accompanying Memorandum of Law, Plaintiffs' Supplemental Memorandum of Law in Support of the Proposed Incentive, Fee and Expense Awards, the representations of both Parties during the March 5, 2020 Final Approval Hearing, and all related submissions and proceedings, it is hereby ORDERED as follows:

WHEREAS Alexis Flores and Virginia Goold, for themselves and all others similarly situated ("Plaintiffs") brought claims against Eagle Diner Corp., James Rokos, Maria Rokos, Marko Rokos and Zisi Rokos ("Defendants") for alleged violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.*("PMWA");

WHEREAS the Parties, represented by counsel, have considered and evaluated their respective positions in light of relevant statutes and case-law and, after extensive confirmatory discovery into the scope and nature of the claims presented, participated in extensive, arm's-length settlement negotiations;

1

WHEREAS the Parties' efforts have resulted in a proposed resolution commemorated in their Settlement Agreement;

WHEREAS Defendants, in exchange for the mutual promises, releases, and consideration described in the Settlement Agreement, have agreed to make a Maximum Settlement Payment of $162,500.00 to the Settlement Class Members, the Named Plaintiffs and Class Counsel as outlined in the Settlement Agreement;

WHEREAS, on August 21, 2019, this Court entered an Order preliminarily approving the Parties' proposed settlement and directing them to distribute the Court-Approved Notice to the Class Members as outlined in the Settlement Agreement, *see* [Doc. 33];

WHEREAS Eagle Diner Corp. filed for bankruptcy protection during the course of this litigation and, as a result of this filing, was dismissed from this litigation by agreement, *see* [Doc. 38];

WHEREAS, as described in Plaintiffs' final approval papers, the Settlement Administrator mailed the Settlement Notice to the Class Members in accordance with the requirements of due process and the Class Members were afforded a fair opportunity to review the terms of the proposed settlement, object to the proposed settlement, or exclude themselves from this lawsuit;

WHEREAS, in response to the Notice dissemination effort, no Settlement Class Members have objected to the proposed settlement or sought to exclude themselves from this lawsuit;

WHEREAS, on March 5, 2020, this Court presided over a Final Approval Hearing in which the opportunity to be heard was given to all persons requesting to be heard in accordance with this Court's Preliminary Approval Order; and

WHEREAS the Court has carefully reviewed and considered the terms of the Settlement Agreement, all written submissions of the Parties and the representations of all counsel during the Final Approval Hearing;

**IT IS HEREBY ORDERED THAT:**

1. The proposed settlement is entitled to a presumption of fairness because: 1) the settlement negotiations occurred at arm's length; 2) there was sufficient discovery; 3) the proponents of the settlement are experienced in similar litigation; 4) no Class Member has objected to any substantive term of the proposed settlement; and 5) no Class Members have requested exclusion from the settlement;

2. The proposed PMWA Settlement Class meets the requirements of Rule 23(a) and is entitled to final class certification because: the class is so numerous that joinder of all its members is impracticable; there are questions of law or fact common to the class; the claims or defenses of the representative parties are typical of the claims or defenses of the class; and the representative parties will fairly and adequately protect the interests of the class.

3. The proposed PMWA Settlement Class meets the requirements of Rule 23(b)(3) and is entitled to final class certification because the questions of law or fact common to class members predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4. The proposed FLSA Settlement Collective merits final FLSA certification under 29 U.S.C. § 216(b) because record evidence satisfactorily demonstrates that: its members are employed in the same corporate department; advance similar claims; seek substantially the same form of relief; and they have similar salaries and circumstances of employment.

5.   This Court hereby APPROVES the Parties' Settlement Agreement, because they have sufficiently demonstrated that the complexity, expense and likely duration of the litigation; the reaction of the Class to the settlement; the stage of the proceedings and the amount of discovery completed; the risks of establishing liability; the risks of establishing damages; the risks of maintaining the class action through the trial; the ability of the defendants to withstand a greater judgment; the range of reasonableness of the settlement fund in light of the best possible recovery and all the attendant risks of litigation suggest that the proposed settlement is fair, reasonable and adequate and resolves a *bona fide* dispute between the Parties;

6.   This Court hereby APPROVES the proposed $162,500.00 Settlement Amount provided in the Settlement Agreement, including the $88,875.00 fund proposed to pay damages claims made by Participating Class Members;

7.   This Court hereby APPROVES the proposed $10,000.00 in incentive awards to be divided among the two Named Plaintiffs ($5,000.00 each) as fair, reasonable and adequate compensation for the efforts these individuals expended, and the reputational risks they accepted, to bring and support this litigation and facilitate the Parties' discovery efforts and settlement negotiations;

8.   This Court hereby APPROVES the proposed $53,625.00 attorney's fee payment to Class Counsel and the proposed $10,000.00 cost reimbursement payment (including settlement administration costs) as fair, reasonable and adequate based on this Court's consideration of each of the relevant factors, including the size of the settlement fund and the quality of the result reached in this litigation, the absence of objections from the Class Members, the skill and efficiency of Class Counsel, the complexity and duration of this litigation, the risk of non-payment Class Counsel assumed, the amount of time Class Counsel devoted to the case, the total lodestar Class

Counsel accumulated in the litigation of these claims at their reasonable hourly rates, and the reasonableness of the requested fee as a percentage of the total value made available to the Class members;

9. This Court hereby GRANTS Plaintiffs' Unopposed Motion for Final Settlement Approval and directs the Clerk to mark this matter DISMISSED WITH PREJUDICE; and

10. Without affecting the finality of this Order, this Court will retain jurisdiction to enforce the terms of this Settlement Agreement and preside over any issues flowing from distribution of the Settlement Fund.

BY THE COURT:

_____
**Anita B. Brody,**
**United States District Judge**